UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JOHN RAGGIO,<br><br>                    Plaintiff,<br><br>          v.<br><br>JACINTOPORT INTERNATIONAL LLC, *et al.*,<br><br>                    Defendant. | Civil Action No.: 10-01908 (BJR)<br><br>MEMORANDUM OPINION |

**DENYING RELATOR'S MOTION FOR LEAVE TO SERVE HIS FIRST AMENDED COMPLAINT;
GRANTING DEFENDANT JACINTOPORT'S MOTION TO DISMISS**

## I.     INTRODUCTION

The Plaintiff, the United States of America *ex rel.* John Raggio, has filed a Motion for Leave to Serve Relator's First Amended Complaint.  In response, Defendant, Jacintoport International, LLC (hereinafter "Jacintoport"), has moved to dismiss, or, in the alternative, to strike Relator's First Amended Complaint.  Dkt. Nos. 20, 28.  Having reviewed the motions, oppositions, and replies thereto, as well as all other related materials, the Court finds and rules as follows:

## II.     BACKGROUND[1]

On November 5, 2010, John Raggio ("Relator Raggio") brought a *qui tam* action under the provisions of the False Claims Act (the "FCA") against Defendants Jacintoport, Seaboard

---

[1]    For purposes of resolving the instant motions, the Court assumes as true the facts presented by the United States in its Complaint in Intervention. Dkt. No. 15; *see ZilYen, Inc. v. Rubber Mfrs. Ass'n*, Civ. Action No. 12-0433, 2013 WL 1302012, at *1 n.2 (D.D.C. Apr. 2, 2013) (noting that the court accepts "plaintiff's allegations . . . as true for the purpose of deciding the defendant's motion [to dismiss]").

1

Marine, Ltd., and Seaboard Corporation (the latter two, collectively, "Seaboard Defendants").[2] Dkt. No. 1. Relator Raggio filed his complaint under seal, alleging that Jacintoport and Seaboard Defendants fraudulently overcharged the United States Government (the "Government") for "logistics services provided in connection with overseas transportation." Dkt. No. 1 at 2. As required, Relator Raggio served the complaint on the Government. *See* 31 U.S.C. § 3730(b)(2) (requiring private persons to serve on the government a copy of the sealed complaint). The Government notified the Court on August 20, 2012 of its election to intervene. Dkt. No. 12.

Upon the Government's notice of intervention, the Court ordered that the case be unsealed and the Government filed its Complaint in Intervention.[3] Dkt. Nos. 13, 15; Minute Entry (Aug. 21, 2012). On December 18, 2012, Jacintoport filed its Answer to Government's Complaint in Intervention. Dkt. No. 24.

On November 20, 2012, Relator Raggio filed his First Amended Complaint, which mirrors the claims asserted by the Government in its Complaint in Intervention. *See* Dkt. No. 20 ("Relator Raggio files his First Amended Complaint to conform his claims for relief to the claims for relief set forth in the United States' Complaint in Intervention."). In accordance with the procedural requirements of *qui tam* actions under the FCA, Relator Raggio moved for leave to serve that First Amended Complaint on Jacintoport. Dkt. No. 20; *see also* 31 U.S.C. § 3730(b)(2) ("The complaint . . . shall not be served on the defendant until the court so orders.").

---

[2] The False Claims Act imposes civil liability upon "any person who, *inter alia*, knowingly presents, or causes to be presented, a false or fraudulent claim [to the Government] for payment or approval." 31 U.S.C. § 3730(a)(1)(A). The FCA allows a private citizen, known as a relator, to bring a *qui tam* action in the Government's name. 31 U.S.C. § 3730 (b) ("A person may bring a civil action for a violation of section 3729 for the person and for the United States Government.").

[3] The Government, in its Complaint in Intervention, elected not to pursue claims against the Seaboard Defendants. Dkt. No. 15. It formally notified this Court of its choice not to proceed against the Seaboard Defendants and consented to Relator's notice of partial voluntary dismissal vis-à-vis the Seaboard Defendants. Dkt. Nos. 19, 23.

In response to Relator Raggio's motion for leave to serve the First Amended Complaint, Jacintoport moved to dismiss, or, in the alternative, to strike Relator Raggio's First Amended Complaint.  Dkt. No. 28.  With Relator Raggio's Motion for Leave to Serve Relator's First Amended Complaint and Defendant Jacintoport's Motion to Dismiss Relator's First Amended Complaint now ripe for review, the Court turns to the parties' arguments and the applicable legal standards.

### III.   DISCUSSION

Jacintoport argues that Raggio's First Amended Complaint has no continuing vitality because the Government has intervened and Relator Raggio's claims are duplicative.  Dkt. No. 28 at 5.  It further argues that "defend[ing] against two substantively identical complaints would compel [it] . . . to litigate spurious issues that are wholly redundant, immaterial, or impertinent."  *Id.*  In response, Relator insists that he has a right to amend his complaint under Federal Rule of Civil Procedure 15(a).  Dkt. No. 30 at 5.

Under the False Claims Act, once the Government elects to intervene in a *qui tam* action, the Government, not the relator, has "the primary responsibility for prosecuting the action."  31 U.S.C. § 3730(c); *cf. In re Pharm. Indus. Average Wholesale Price Litig.*, Civil Action No. 01-12257, 2007 WL 4287572, at *4 (D. Mass. Dec. 6, 2007) ("[O]nce the government has intervened, the relator has no separate free-standing FCA cause of action." (citing *United States ex rel. Barajas v. Northrop Corp.,* 147 F.3d 905, 910 (9th Cir. 1998))).  Moreover, if the defendant can show "that unrestricted participation during the course of the litigation by the [relator] . . . would cause the defendant undue burden or unnecessary expense, the court may limit the [relator's] participation in the litigation."  31 U.S.C. § 3730(c)(2)(D); *see also United States ex rel. Becker v. Tools & Metals, Inc.*, Civil Action No. 05-0627, 2009 WL 855651, at *6

(N.D. Tex. Mar. 31, 2009) (observing that a court has discretion to limit a relator's "participation in the prosecution of the claim").

Indeed, Relator Raggio's amended claims are identical to the Government's Complaint in Intervention. *Compare* Dkt. No. 20 *with* Dkt. No. 15. Because of the similarity between the two complaints, the Court agrees that permitting the Relator Raggio's unrestricted participation in the litigation would cause Jacintoport "undue burden or unnecessary expense." *See United States ex rel. Feldman v. City of New York,* 808 F. Supp. 2d 641, 648 (S.D.N.Y. 2011) (dismissing the relator's complaint because "government's claims . . . [were] duplicative of those of the relator" but relator continues as a party).

Accordingly, the Court hereby **ORDERS** that

(1) Relator Raggio's Motion for Leave to Serve Relator's First Amended Complaint is **DENIED as moot**; and

(2) Defendant Jacintoport's Motion to Dismiss, or, in the Alternative, Motion to Strike Relator's First Amended Complaint is **GRANTED.** [4]

June 7, 2013

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[4] The Court's ruling in no way precludes Relator Raggio from pursuing his rights under the FCA. *Feldman*, 808 F. Supp. 2d at 649 (highlighting that the court's "dismissal in no way diminishes [a relator's] continuing statutory rights delineated in § 3730 of the FCA"); *see also* 31 U.S.C. § 3730(d) (awarding *qui tam* plaintiffs to a percentage of the "proceeds of the action or settlement of the claim").

4